UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DEMON TURMEL THOMPSON,

        Petitioner,

v.

CONNIE HORTON,

        Respondent.
_____/

Case No. 2:19-cv-114

Honorable Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    **I.**    **Factual Allegations**

Petitioner Demon Turmel Thompson is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of the following offenses:  assault with a dangerous weapon, in violation of Mich. Comp. Laws § 750.82 (felonious assault); assault with intent to do great bodily harm less than murder, in violation of Mich. Comp. Laws § 750.84 (AWIGBH); possession of firearms as a felon, in violation of Mich. Comp. Laws § 750.224f (felon-in-possession); and possession of a firearm while committing a felony, in violation of Mich. Comp. Laws § 750.227b (felony-firearm).  On February 2, 2015, the circuit court sentenced Petitioner to respective prison terms of 2 years and 6 months to 4 years for the felonious-assault conviction, 25 to 40 years for the AWIGBH conviction, 6 to 10 years for the felon-in-possession conviction; and 2 years for the felony-firearm conviction.

Petitioner appealed his judgment of conviction and sentence to the Michigan appellate courts.  The Michigan Court of Appeals affirmed the judgment on May 19, 2016.  The Michigan Supreme Court denied leave to appeal on October 26, 2016.  Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

Petitioner filed his first habeas petition challenging his judgment of conviction in 2014, a few months after the jury rendered its verdict.  *See Thompson v. Unknown Party*, 1:14-cv-1170 (W.D. Mich.).  The Court dismissed the petition in February 2015 after Petitioner failed to pay the filing fee or to apply for leave to proceed *in forma pauperis*.

Petitioner filed his second habeas petition in September 2017. *See Thompson v. Palmer*, No. 1:17-cv-848 (W.D. Mich.). The Court dismissed that case less than two months later because Petitioner failed to pay the filing fee or to apply for leave to proceed *in forma pauperis*. He also failed to file an amended petition on the required form as directed by the Court.

In March 2019, Petitioner asked the Court of Appeals for the Sixth Circuit for permission to file a second or successive habeas petition. On June 13, 2019, the Sixth Circuit held that Petitioner did not need such permission and transferred his application to this court for consideration as an initial § 2254 petition. In Case No. 1:17-cv-848, the Court ordered that Petitioner's application be docketed as an original habeas action with a filing date of March 15, 2019. That order initiated the case before the Court.

## II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 26, 2016. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 24, 2017. Petitioner filed his application on March 15, 2019. Obviously he filed more than one year after the period of limitations in § 2244(d)(1)(A) began to run. Thus, absent tolling or another start date for the limitations period, his application is time-barred.

Petitioner argues that § 2244(d)(1)(B) provides the relevant start date because a "State Created Impediment" prevented him from filing a timely habeas petition. (Pet'r's Mot. Request for Authorization to File a Second or Successive Writ of Habeas Corpus, ECF No. 1-1, PageID.12.) He asserts that he gave his habeas petition to prison officials for mailing in September 2017, along with a disbursement form for postage and for the $5.00 filing fee. (*Id.*) The disbursement form, dated September 18, 2017, show four boxes checked, including: "Legal Postage," "New Case," "Case Number," and "Filing Fee." (ECF No. 1-1, PageID.24.) Near the

4

box for "Legal Fee" is a blank line next to a dollar sign. (*Id.*) "5.00" is written in the blank line. (*Id.*) Petitioner asserts that he "[wrote] in" the $5.00 filing fee, and that he was "indigent" at the time. (ECF No. 1-1, PageID.12-13.) Trust account statements from that month show a balance of $0.00 in his trust account. (ECF No. 1-1, PageID.29-31.) According to Petitioner, prison officials never sent the filing fee to the Court.

Petitioner apparently believes that it was the prison's responsibility to pay the filing fee, just as it paid the postage for sending his petition to the Court. He apparently contends that that prison staff prevented him from filing a timely petition because he was indigent at the time and did not have the funds to pay the filing fee. Without that fee, the case could not proceed.

Petitioner's argument is not persuasive because this Court expressly notified him that it had not received the filing fee, and that in order to proceed, Petitioner had two options: "either pay the $5.00 fee or apply to proceed *in forma pauperis* without prepayment of fees." (1:17-cv-848, ECF No. 4, PageID.16.) To apply to proceed *in forma pauperis*, Petitioner only needed to "file [a] certified trust account statement . . . [showing] the amount in petitioner's prison account and the total deposits placed in petitioner's account for the previous six months." (*Id.*, PageID.17.) The Court gave Petitioner 28 days to respond. He did not do so. There is no indication that his failure to respond is attributable to any conduct by the state. The state prison's failure to pay the filing fee did not prevent Petitioner from sending a certified copy of his prison trust account statement to the Court.

Furthermore, the Court required Petitioner to file an amended version of his petition on the form provided by the Court. He failed to respond to this order as well, and he does not offer any explanation for that failure. That failure would have been grounds for the dismissal of his petition even if the state had paid the filing fee.

5

In short, the impediment asserted by Petitioner did not prevent him from pursuing a timely petition for habeas corpus relief. The Court dismissed his petition because he failed to respond to any of the Court's orders, not because the state did not pay the filing fee. He does not contend that the state prevented him from complying with the Court's orders. Thus, the start date in § 2244(d)(1)(B) does not apply. Therefore, § 2244(d)(1)(A) is the applicable provision, and under that subsection, the petition is untimely.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner does not allege that he filed any post-conviction motions in state court. Consequently, the tolling period in § 2244(d)(2) does not apply.

The one-year limitations period in § 2244 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*,

560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner has not alleged any facts or circumstances that would warrant the application of equitable tolling in this case. For the reasons already discussed, he does not allege any circumstances that prevented him from pursuing the timely habeas petition that he filed in 2017. Moreover, he does not offer any explanation for the two-year delay between the dismissal of the 2017 case and his more recent attempt to resurrect his petition. That delay indicates that he has not been pursuing his rights diligently. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).

Petitioner does not claim that he is actually innocent. Nor does he offer new evidence of his innocence. Accordingly, he is not excused from the statute of limitations under the standard in *Schlup*. Therefore, his habeas petition is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

On the present record, I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Date:   August 5, 2019                     /s/ *Maarten Vermaat*
                                           MAARTEN VERMAAT
                                           U.S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).